# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**DIANNA LYNNE AUSTIN-LACEY**
a/k/a **LYNNE AUSTIN-LACEY,** as
owner of the marine vessel
"Almost There"

Case No. 8:06-cv-1249-T-23TBM

**For Exoneration From or**
**Limitation of Liability.**

_____/

## O R D E R

THIS MATTER is before the court *sua sponte*. On July 6, 2006, Dianna Lynne Austin-Lacey (hereinafter "Petitioner" or "Austin-Lacey") brought this suit for exoneration from, or limitation of, liability under 46 App. U.S.C.A. § 185. (Doc. 1). On August 22, 2006, the court denied her motion which sought a determination of the amount of security necessary to be posted and requested that the court accept proof of insurance in excess of her interest as sufficient security. At the time, the court indicated that the matter would be revisited once potential claimants were notified. The claimants have since been notified, a telephone status conference has been conducted, and the parties have filed pleadings addressing the matter of security.[1] As such, the issue of security is now ripe for consideration.

---

[1] The following pleadings have been filed on this issue: Memorandum of Law Concerning Valuation of Almost There filed by Claimants Lazy Bones Charters LLC and Andrew Hoffman (Doc. 16); Memorandum of Law Concerning Valuation of Almost There filed by Claimant Vincent Mazzola (Doc. 17); Austin-Lacey's Memorandum of Law Regarding Security Under 46 App. U.S.C.A. 183(A) and Supplemental Rule E (Doc. 19); and Claimants' responses in opposition (Docs. 24-25).

A condition to bringing a limitation action is that the vessel owner deposit with the court as security a sum equal to the value of the vessel and pending freight,[2] unless the owner transfers his interest in the vessel and freight to a trustee.  46 U.S.C.A. §§ 183, et seq.  Thus, when a petition for limitation is filed as was here, the vessel owner ". . . shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the Court may from time to time fix as necessary to carry out the provisions of Section 183 of this title . . ."  46 App. U.S.C. § 185; accord Supplemental Rule F, Supplemental Rules for Certain Admiralty and Maritime Claims.  It is well settled that the valuation of the vessel is its value at the end of the voyage.  Complaint of Caribbean Sea Transport, Ltd., 748 F.2d 622, 626 (11th Cir. 1984).

Upon careful consideration of the pleadings, the court finds that a letter of guarantee from Petitioner's liability carrier is not an acceptable form of security.  On or before January 12, 2007, Petitioner is hereby ordered to either file a corporate surety bond in the amount of $256,397.08[3] in conformity with the rules of this court or a letter of undertaking from Travelers separate and apart from the insurance policy.

**Done and Ordered** in Tampa, Florida, this 22nd day of December 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record

---

[2]Because the "Almost There" is a pleasure craft, freight is not at issue.

[3]In determining the security amount at this juncture, the court has accepted the Affidavit of Mike Beijar.  (Doc. 19, Ex. A).

2